UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANA GUTHE, *as the representative of the Estate of Carole Zicklin, Deceased,* et al., | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 4:23-CV-1334 HEA |
| v. | )<br>) |
| JOHNSON & JOHNSON, et al., | )<br>) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant PTI Union, LLC's Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim or, Alternatively, to Stay. (ECF No. 16). The Motion is fully briefed and ripe for review. For the reasons set forth below, PTI Union LLC's motion is granted in part and denied in part.

### I.     Background

Carole Zicklin (the "Decedent") died of mesothelioma on September 3, 2021. On September 8, 2023, her daughters, Plaintiffs Diana Guthe and Adrianne Kanter as the Representatives of the Estate of Carole Zicklin, filed a wrongful death suit pursuant to Mo. Rev. Stat. § 537.080 in the Circuit Court of the City of St. Louis, Missouri against Defendants Johnson & Johnson, LTL Management, LLC, ("LTL"), and PTI Union, LLC ("PTI Union). Johnson & Johnson removed the case to federal

court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 and 1332.

In their Petition, Plaintiffs allege that their mother was exposed to asbestos-containing talcum powder products, which "she wore and used on a daily basis throughout her life in New York City, New York from 1951 – 2000s." (ECF No. 8 at 1). Plaintiffs further allege that during the course of their mother's employment "at the locations mentioned above," she "was exposed to large amounts of asbestos fibers emanating from certain products, manufactured, sold, distributed or installed by the Defendants listed below." (*Id.* at 2). Further, she "inhaled, ingested or otherwise absorbed asbestos fibers emanating from certain products the Decedent was around which were manufactured, sold, distributed or installed by the Defendants and each of them." (*Id.*)

Plaintiffs bring the following four state law claims against the defendants: Strict Liability (Count I); Negligence (Count II); Willful and Wanton Misconduct – Aggravated Circumstances (Count III); and Conspiracy (Count IV). Plaintiffs seek compensatory and aggravated damages in excess of $25,000.00.

Following removal, Defendants Johnson & Johnson and LT answered Plaintiffs' Petition. PTI Union files a Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim or, Alternatively, to Stay – the motion presently at bar. PTI Union argues that Plaintiffs fail to state a claim against it because: (1) Plaintiffs do

not allege that the Decedent used a product connected to PTI Union; (2) in Counts I and II, Plaintiffs fail to allege the requisite elements, namely causation; (3) Willful and Wanton Misconduct is not a cause of action under Missouri law; and (4) the Missouri contract specification doctrine shields PTI Union from liability in this case. PTI Union further argues that in the event the Court does not dismiss Plaintiffs' claims against it, this action should be stayed until there is full adjudication of nearly identical claims that are pending against different defendants in a state lawsuit pending in New York.

## II.  Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

### III.  Discussion

#### A. Product Identification

In its Motion, PTI Union argues Plaintiffs' claims fail because the Petition fails to identify the products for which PTI Union is responsible. Therefore, according to PTI Union, the Petition lacks sufficient allegations to plead the requisite elements of causation to state claims of strict product liability and negligence in Counts I and II. PTI Union contends that all the claims against it stem entirely from Plaintiffs' conclusory allegations that PTI Union should be held liable for injuries the Decedent allegedly sustained as a result of using talcum powder products over a generalized, vague, and extended period of time. It argues Plaintiffs' allegations are

4

insufficient under the federal pleading standard, because while Plaintiffs reference talcum powder products generally, they fail to plead that Decedent used a specific product connected to PTI Union.

Plaintiffs respond that "PTI Union knows why it is a defendant in this case," and that it "manufactured and packaged talcum powder products for pharmaceutical companies like Johnson & Johnson." (ECF No. 36 at 1).  Plaintiffs argue their allegations are sufficient under the federal notice pleading standard.

It is apparent from reading the Petition that Plaintiffs' counsel borrowed and copied allegations from another mesothelioma and/or asbestos case. In paragraph 2, Plaintiffs allege that the Decedent "was exposed to as exposed to asbestos-containing talcum powder products which she wore and used on a daily basis throughout her life in New York City, New York from 1951 – 2000s."  (ECF No. 8 at 1, ¶ 2).  There are no factual allegations as to what those products were or who manufactured or produced them.  In paragraph 3, Plaintiffs allege that the Decedent was exposed to, inhaled, ingested, or absorbed "asbestos fibers emanating from certain products the Decedent was around which were manufactured, sold, distributed or installed by the Defendants and each of them" during *"the course of her employment at the locations mentioned above."* (*Id.* at 2, ¶ 3) (emphasis added).  But there are no allegations "above" or elsewhere in the Petition as to where the Decedent was employed. Furthermore, allegations that the Decedent was exposed to asbestos products during

5

her employment is incongruous with the allegations in paragraph 2.  In short, it is not clear from the Petition whether Plaintiffs are alleging that the Decedent was exposed to asbestos by wearing talcum powder on a daily basis or that she was exposed at work by being around some unidentified asbestos-containing product(s), or perhaps they are alleging both. [1]

In moving to dismiss, PTI Union cites to *City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110 (Mo. 2007), and *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. 1984), and argues that in order to state a claim against it, Plaintiffs must identify the product(s) the Decedent used, and there must be allegations that it manufactured or distributed the specific product(s) that purportedly caused the Decedent's injury.[2]  Plaintiffs respond that these two cases are not applicable here, because the cases applied a market share liability analysis, and Plaintiffs' claims are not based on this theory of the liability.[3]  The Court agrees the two cases are not controlling, but for a different reason.

---

[1] Aside from inconsistent and incongruent allegations, it is also apparent that allegations in the Petition have been borrowed from another case because in Court IV for Conspiracy, Plaintiffs bring claims not against any of the defendants named in the caption, but against Metropolitan Life Insurance Company, Pneumo Abex Corporation, and Garlock, Inc.  These entities are not named as defendants in this case.

[2] Although the Petition alleges the Decedent used and was exposed to asbestos containing products in New York, in moving for dismissal, PTI Union cites Missouri law.  Plaintiffs do not dispute this choice of law, and the Court will apply Missouri law.

[3] Plaintiffs also responded to PTI Union's Motion by discussing information and evidence outside the pleadings, including a number of exhibits that were attached to their response memorandum.  *See* ECF No. 36, Exs. 2-6.  On a Rule 12(b)(6) motion, the scope of material that

6

Both cases were decided on summary judgment, and the issue was whether the plaintiffs had set forth sufficient evidence to establish causation, not whether the plaintiffs had stated a claim in their pleadings. *Benjamin Moore & Co.*, 226 S.W.3d (absent product identification evidence and connection to the defendant, the plaintiff could not prove actual causation); *Zafft*, 676 S.W.2d at 244 (same).  In order to prove their case at trial or on summary judgment, Plaintiffs may be required to identify the products the Decedent used by name, but PTI Union has pointed to no authority that requires such specificity at the pleadings stage.

That said, allegations that the Decedent was exposed to talcum powder, or some other sort of asbestos containing product at work or otherwise, does not meet the requisite pleading standard. Plaintiffs need not provide detailed factual allegations, but there must be some factual allegations that are enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556.  The pleading must provide PTI Union with "fair notice of the nature of the [Plaintiffs'] claim[s]" and also "the grounds on which the claim[s] rest[ ]." *Id.* at 566 n.3 (quotations and citations omitted).  Allegations that the Decedent was in contact with asbestos-containing products that she wore daily and/or was exposed to at work over a period of more than fifty years is not enough to place PTI Union on fair notice of the nature

---

courts are to consider in determining the sufficiency of a pleading is limited to the allegations made in the pleading itself. *Iqbal*, 556 U.S. at 674. The Court will not consider evidence outside the Petition in ruling on PTI Union's Motion to Dismiss for failure to state a claim.

7

of the Plaintiffs' claims.  At a minimum, Plaintiffs must describe the type of product(s) the Decedent was exposed to and there must be allegations that PTI Union manufactured or distributed the product(s) that purportedly caused the Decedent's illness or death.  The motion to dismiss claims against PTI Union in Counts I and II is granted.

### B. Willful and Wanton Misconduct

PTI Union moves to dismiss Count III of Plaintiffs' Petition arguing "Willful and Wanton Misconduct" is not a separate cause of action under Missouri common law.  Citing to a Missouri Supreme Court case, *Nichols v. Bresnahan,* 212 S.W.2d 570, 573-74 (1948), Plaintiffs respond that Missouri courts recognize willful and wanton misconduct as a separate tort from negligence.  The Court finds the issue is more nuanced than Plaintiffs suggest.

The *Nichols* case involved an automobile collision and allegations that the defendant drove over the speed limit and crossed the center line violating a number of motor vehicle laws.  In her complaint, the plaintiff pleaded the defendant's conduct was "reckless," "willful," and "wanton," and at trial, the jury was given instructions defining these terms but not negligence.  Following a defense verdict, the plaintiff appealed arguing the evidence showed the defendant violated laws governing the operation of motor vehicles and, therefore, gross negligence was shown.  In its review, the Missouri Supreme Court affirmed the verdict noting that

8

the plaintiff had not alleged negligence in her complaint.  The court wrote: "Negligence is one kind of tort, an unintentional injury usually predicated upon failure to observe a prescribed standard of care, [ ] while a willful, wanton, reckless injury is another kind of tort, an intentional injury often based upon an act done in utter disregard of the consequences." *Nichols*, 212 S.W.2d at 573.  And because the plaintiff had not pleaded negligence in her complaint, the Missouri Supreme Court found it was not error for the trial court not to have given instructions based on negligence.  *Id.*

The Court agrees with Plaintiffs that Missouri does recognize intentional torts in its common law, as it did in the *Nichols* case.  But this case does not involve a motor vehicle accident; it is a products liability case, and the Court is unaware of any independent tort cause of action for "willful and wanton misconduct" in the context of products liability.  *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 52 F. Supp. 2d 1084, 1086 (E.D. Mo. 1999), *aff'd*, 243 F.3d 441 (8th Cir. 2001) (finding no specific cause of action for "willful and wanton misconduct" for product liability claim under Missouri common law).  The Court finds that Count III for Willful and Wanton Misconduct – Aggravated Circumstances does not constitute a separate cause of action, although it could be interpreted as a request for punitive damages. *See Sahm v. Avco Corp.*, No. 4:23-CV-200-AGF, 2023 WL 4350950, at *2 (E.D. Mo. July 5, 2023) (citing *SEMO Servs., Inc. v. BNSF Ry. Co.*, 660 S.W.3d 430, 444 (Mo.

9

Ct. App. 2022). PTI Union's Motion to Dismiss as to the claims against it in Count III is granted.

### C. Contract Specifications Doctrine

PTI Union argues that in the event the Court grants its Motion to Dismiss for failure to state claim, Plaintiffs should not be allowed leave to file an amended complaint, because any attempt to cure the deficiencies in their Petition would be futile as PTI Union is immune from liability under Missouri's contract specifications doctrine. Plaintiffs respond that the contract specifications doctrine is a fact-based inquiry, and it is too early in these proceedings to address this affirmative defense.

Under the contract specifications doctrine, Missouri courts have held that "[c]ompliance with contract specifications shields a manufacturer from [strict and negligent] liability for injuries caused by a design defect in products it manufactures pursuant to plans and specifications supplied by the purchaser." *Hopfer v. Neenah Foundry Co.*, 477 S.W.3d 116, 124 (Mo. Ct. App. 2015) (internal quotation marks and citations omitted). The general rule is that after delivering the contract work to a purchaser, a contractor is not liable to persons with whom it did not contract, unless the design or material specified "is so obviously bad that a competent contractor would realize that there was a grave chance that his product would be dangerously unsafe." *See* RESTATEMENT (SECOND) OF TORTS § 404 cmt. a (1965)

(emphasis added). *See also Bloemer v. Art Welding Co.*, 884 S.W.2d 55, 58–59 (Mo. Ct. App. 1994).

The Court agrees with Plaintiffs that the contract specification defense is a fact-based inquiry that is more suited for a decision of summary judgment. There are no allegations in the Petition that PTI Union was a contractor that manufactured products according to plans and specifications supplied by a purchaser. Furthermore, Plaintiffs argue the contract specification defense does not apply because PTI Union should have known that including asbestos in talc products was dangerously unsafe. Based on the record before the Court, it is not clear that the contract specifications doctrine applies to PTI Union in this case. The Court does not find that the filing of an amended complaint would be futile based on the contract specifications doctrine. PTI Union's Motion to Dismiss is denied in this respect.

**D. Request for Stay**

Finally, PTI Union requests that the Court stay this cause of action under Rule 12(b)(7) as a result of Plaintiffs' failure to join indispensable parties. PTI Union points to the fact that in 2019, Carole Zicklin filed a lawsuit in state court in New York asserting claims that seek compensation for injuries caused by her mesothelioma, which she alleged resulted from asbestos fibers. According to PTI Union, the case, *Adrienne Kanter & Diana Berrent as co-executrices for the estate of Carole Zicklin v. Bergdorf Goodman Inc. et al*, Cause No 190254/2019, is against

11

a number of other defendants that are not party to this suit, and after four years, the case is still ongoing.  PTI Union contends the New York case involves substantially the same claims and allegations as those made against PTI Union in this case.  Thus, PTI Union argues, the present case should be stayed, because it cannot yet be determined whether complete relief can be granted in the current case without the presence of additional defendants until the New York case is adjudicated and resolved.  In support of its request, PTI Union attached a truncated docket sheet from the New York case to its memorandum in support, but it did not attach the petition or list the defendants named in the other suit.

      Plaintiffs respond that they do not object to a stay in this case.  Defendants Johnson & Johnson and LTL Management, LLC, however, have not offered their position as to the request for a stay.  Having been provided little to no information as to the substance of allegations of the case pending in New York and the identity of the defendants involved, the Court finds it has insufficient evidence to determine whether a stay is warranted in this case.  The Court denies PTI Union's request for a stay without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant PTI Union, LLC's Motion to Dismiss Plaintiffs' Petition for Failure to State a Claim or, Alternatively, to Stay is **GRANTED in part and DENIED in part**.  Consistent with the terms of this Opinion, Memorandum and Order, the Motion is **GRANTED** to the extent that Plaintiffs' claims against PTI Union LLC in Counts I, II, and III are **DISMISSED without prejudice.**  In all other respects, the Motion is **DENIED without prejudice.**  [ECF No. 16]

Dated this 12th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE